## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**CHRISTOPHER LEON ROSAMOND**                                             **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 4:11-cv-23-HTW-LRA**

**KEMPER-NESHOBA CORRECTIONAL FACILITY, et al.**            **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, an inmate of the Winston County Correctional Facility, filed a *pro se* complaint pursuant to Title 42 U.S.C. § 1983 and requested *in forma pauperis* status.[1] On March 11, 2011, an order [9] was entered directing the Plaintiff to file a written response, on or before April 1, 2011, providing specific information regarding his claims. The Plaintiff was warned that his failure to timely comply with a court order or failure to keep this Court informed of his current address may result in the dismissal of this case. On March 22, 2011, the envelope [10] containing this order [9] was returned by the postal service with the notation "no longer at this facility."

On April 18, 2011, an order [11] was entered directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's March 11, 2011 order. In addition, Plaintiff was directed to comply with the Court's order by filing a written response, on or before May 3, 2011. The show cause order warned Plaintiff that failure to timely comply with the requirements of the order or failure to keep this Court informed of his

---

[1] Plaintiff's request to proceed *in forma pauperis* was granted on March 11, 2011.

current address would lead to the dismissal of his complaint, without further notice.  On April 22, 2011, the envelope [12] containing the show cause order [11] was returned by the postal service as undeliverable.

On May 19, 2010, a final show cause order [13] was entered directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders of March 11, 2011, and April 18, 2011.  Plaintiff was directed to comply with the Court's final show cause order, on or before June 3, 2011.  The Plaintiff was also warned in this final show cause order that failure to keep this Court informed of his current address or failure to comply with the requirements of the order by June 3, 2011, would result in the dismissal of his case.  The envelope [14] containing the final show cause order [13] was returned by the postal service on June 10, 2011, with the notation "return to sender- refused - unable to forward."  Needless to say, the Plaintiff did not comply with this order.

Plaintiff has failed to comply with three court orders and he has failed to keep this Court informed of his current address.  Plaintiff's last contact with the Court was on February 24, 2011, when he filed a change of address.  All of the Court orders entered after February 24, 2011, were sent to the address Plaintiff provided but were returned as undeliverable.

This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of


cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009). Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 29th day of June, 2011.

                        s/ HENRY T. WINGATE
                        UNITED STATES DISTRICT JUDGE